## Case No. 4,668.

### FARMERS' LOAN & TRUST CO. v. MA-QUILLAN.

[3 Dill. 379;[1] 8 West. Jur. 501; 1 Cent. Law J. 315.]

Circuit Court, D. Kansas. June Term, 1874.

Doniphan & Reed, for plaintiff.
Nathan Price, for defendant.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

MILLER, Circuit Justice (orally), in substance said:

I think this motion must be denied. A great proportion of causes in the federal courts are those in which corporations are parties, and which come by transfer from the state courts, and it was never before claimed to me that they were not within the acts of congress on that subject, or within the act of March 2, 1867. My impression in favor of the jurisdiction in this particular class of cases was so strong that I should have overruled the motion at once but for the circumstance that a decision of the court of appeals of New York, and a decision of the supreme court of Minnesota, were produced, the former doubtfully, the latter positively, denying to corporations the right to remove cases under the act of March 2, 1867 (14 Stat. 550).

I have considered the opinions in those cases, and with great respect for the courts whose judgments they pronounce, I think their views upon the subject are not sound, and that, not unnaturally, perhaps, they incline too much to narrow and cripple the federal jurisdiction. The history of the state court decisions on the subject of federal jurisdiction from the case of Cohens v. Virginia, 6 Wheat. [19 U. S.] 264, shows that, if the state courts could have defined the limits of that jurisdiction, the fabric of federal jurisprudence, as it exists to-day in this country, would have been shorn of its beauty and symmetry, and the system of its efficacy and usefulness.

I am not impressed with the soundness of the argument that because corporations cannot make an affidavit, except through the proper officers, they were not within the contemplation of congress. I think that the proper officers of corporations may make the necessary affidavit to procure the removal.

I do not join in the condemnation of the act of 1867. It does not allow the removal solely on the ground of citizenship. It requires the requisite citizenship to exist, and in addition thereto requires the existence of prejudice or local influence to be shown by affidavit. In this respect the policy of that act is not unlike that which prevails in perhaps all the states in regard to the change of venue from one county, or one judicial district, to another. Johnson v. Monell [Case No. 7,399]. The object in each case is to secure an impartial tribunal, and the federal courts are not courts for non-residents more than for residents, and no injustice is done to the latter to be compelled there to litigate controversies which they may have with citizens of other states. Motion denied.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]